IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NATALIE MICHELLE CLAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:25-cv-1771-L-BN |
| | § | |
| ONCOR ELECTRIC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Without paying the filing fee, Plaintiff Natalie Michelle Clay submitted a *pro se* motion for temporary restraining order that was construed as a complaint against multiple utility companies in Texas and other states. *See* Dkt. No. 3. And United States District Judge Sam A. Lindsay referred the lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

**LEGAL STANDARDS**

A district court is required to screen a civil complaint filed *in forma pauperis* (that is, without payment of the filing fee) and may summarily dismiss that complaint (or any portion of it) if the complaint fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

And "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006)), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177; citation omitted).

"[F]airness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007)); *see also Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

And these findings, conclusions, and recommendations provide notice, while the period for filing objections affords an opportunity to respond. *See, e.g., Starrett*, 2018 WL 6069969, at *2 (citations omitted).

A district court's authority to dismiss an action that "fails to 'state a claim for

relief that is plausible on its face'" extends to dismissal of "claims that are 'clearly baseless,' including 'claims describing fantastic or delusional scenarios.'" *Starrett*, 763 F. App'x at 383-84 (quoting *Twombly*, 550 U.S. at 570, then *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (concluding that dismissal "is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them")).

As to the request for a temporary restraining order, such an injunction is "an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989) (internal quotation marks omitted). As "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction." *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (cleaned up).

"To be entitled to a preliminary injunction, the applicant must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted). The United States Court of Appeals for the Fifth

Circuit "has repeatedly cautioned that [such relief] should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 386 (5th Cir. 2013) (cleaned up).

## ANALYSIS

A review of Clay's filing reflects that the complaint, which is largely unintelligible, presents allegations that qualify as clearly baseless, irrational, or wholly incredible. She asserts that the defendants "engaged in microwave surveillance and technological interference" near her residence in Kingwood, Texas. Dkt. No. 3 at 5. But most of the complaint sets out irrational allegations that do not appear to be asserted against any of the named defendants, including allegations of torture at a mental health and rehabilitation facility and a "domestic prison camp," medical malpractice claims, and employment claims relating to back pay, employment status, and whistleblower retaliation. *See generally id*. So the filing should be dismissed with prejudice as frivolous.

And for the same reasons, Clay has not shown a substantial likelihood of success on her claims, so the Court should deny any standalone motion for injunctive relief. *See Bluefield Water Ass'n*, 577 at 252-53.

Ordinarily, a *pro se* plaintiff should be granted leave to amend her complaint before dismissal, but leave is not required when she has already pled her "best case." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Clay has failed to state or suggest a cognizable claim or any facts from which a cognizable claim can be inferred.

Based on the most deferential review of her complaint, it is highly unlikely that, given the opportunity, Clay could allege cogent and viable legal claims. Thus, the undersigned concludes that granting leave to amend under these circumstances would be futile and cause needless delay.

## SANCTION WARNING

This lawsuit is at least the fourth motion for temporary restraining order that Clay has filed in a federal district court in Texas in less than two months and the second filed in this district. *See Clay v. Raytheon Tech. Inc.*, No. 3:25-cv-1286-S-BK (N.D. Tex.) (filed May 21, 2025; dismissed as frivolous June 30, 2025); *Clay v. Perry*, No. 1:25-cv-00125 (S.D. Tex.) (filed June 16, 2025; dismissed as frivolous June 20, 2025); *Clay v. Perry*, No. 2:25-cv-50-AM (filed June 20, 2025; dismissed for failure to pay filing fee June 25, 2025).

Considering the above, Clay should be warned that if she persists in filing frivolous or baseless lawsuits, the Court may impose monetary sanctions, bar her from bringing any new action, or subject her to other sanctions the Court deems appropriate. *See* Fed. R. Civ. P. 11(b)(2), (c)(1). Sanctions may be appropriate when a *pro se* litigant has a history of submitting multiple frivolous claims. *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993); *see also Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802-03 (5th Cir. 2003) (a violation of any provision of Rule 11(b) justifies sanctions). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

Moreover, litigants who abuse the judicial process are "not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

## Recommendation

The Court should dismiss the complaint with prejudice as frivolous, deny any standalone motions for injunctive relief, and warn Clay that, if she persists in filing frivolous or baseless lawsuits, she may be barred from bringing any new action or be subject to any other sanctions the Court deems appropriate.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 9, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE