IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **NATALIE MICHELLE CLAY,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:25-CV-1771-L-BN** |
| § | |
| **ONCOR ELECTRIC,** *et al.*, § | |
| § | |
| Defendants. § | |

# ORDER

On July 9, 2025, the United States Magistrate Judge entered the Findings, Conclusions and Recommendation of the United States Magistrate Judge (Doc. 6) ("Report"), recommending that the court deny Plaintiff's Motion for Temporary Restraining Order (Doc. 4) and dismiss with prejudice this action as baseless pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The magistrate judge further recommends that, although Plaintiff is proceeding pro se, she should not be given an opportunity to amend her otherwise unintelligible and nonsensical pleadings and claims that are premised on Defendant utility companies' allegedly having "engaged in microwave surveillance" and other conduct. Finally, the magistrate recommends that the court warn Plaintiff that she will be sanctioned if she persists in filing frivolous, baseless lawsuits because this is the fourth motion for temporary restraining order that she has filed in a federal court in Texas in less than two months and the second motion that she has filed in this district. No objections to the Report were filed or received as of the date of this order, and the deadline for objections has expired.

Having considered the pleadings, Report, file, and record in this case, the court determines that the magistrate judge's findings and conclusions are correct, and **accepts** them as those of the court. Accordingly, the court **denies** Plaintiff's Motion for Temporary Restraining Order (Doc.

Order – Page 1

4); **dismisses with prejudice** this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and **denies as moot** her request for Waiver of Court Filing Fees (Doc. 5).

Dismissal with prejudice of this action is appropriate because, considering Federal Rule of Civil Procedure 15(a) and the factors for amendment of pleadings, the court determines that it is unlikely that Plaintiff would be able to allege cogent and viable legal claims even if given the opportunity to amend her Complaint. Her failure to file objections to the Report or seek leave to amend in response to the Report also indicates that she has pleaded her "best case" such that further amendment would be futile and unnecessarily delay the resolution of this litigation. Plaintiff will, therefore, not be allowed to amend her pleadings. *If she persists in filing frivolous or baseless lawsuits, she may be barred from bringing new actions without first paying the requisite case filing fee or subjected to other sanctions that the undersigned or presiding judge deems appropriate.*

The court prospectively **certifies** that any appeal of this action would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). In support of this certification, the court **accepts and incorporates** by reference the Report. *See Baugh v. Taylor*, 117 F.3d 197, 202 and n.21 (5th Cir. 1997). Based on the Report, the court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Plaintiff, however, may challenge this finding pursuant to *Baugh v. Taylor*, 117 F. 3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court, United States Court of Appeals for the Fifth Circuit, within 30 days of this order.

**It is so ordered** this 29th day of July, 2025.

Sam A. Lindsay
United States District Judge